Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3578 | **DATE** | 7/11/2001 |
| **CASE TITLE** | Bruce vs. South Stickney Sanitary Dist et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The District's motion (Doc 2-1) to strike the portion of the plaintiff's complaint seeking punitive damages is granted and the motion (Doc 2-2) to dismiss the claim for intentional infliction for emotional distress for lack of subject matter jurisdiction is denied. South Stickney Sanitary District is given to July 25, 2001 to answer the complaint. Ruling set for August 23, 2001 at 9:30 a.m. on all other pending motions to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 1 2 2001 date docketed | 9 |
| ✓ | Docketing to mail notices. | CM docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 11 PM 12: 03 | |
| | SCT courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARGARET R. BRUCE, )
)
          Plaintiff, )
)
vs. ) 01 C 3578
)
SOUTH STICKNEY SANITARY )
DISTRICT, a municipal corporation, and )
THOMAS PHILLIPS, employed as a )
supervisor in the defendant corporation, )
)
          Defendants. )

MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the Court on defendant South Stickney Sanitary District's ("District") motion to strike and to dismiss portions of plaintiff Margaret R. Bruce's ("Bruce") complaint. For the reasons set forth below, we grant the motion to strike and deny the motion to dismiss.

BACKGROUND

Plaintiff Margaret R. Bruce ("Bruce") filed a complaint against the defendant South Stickney Sanitary District alleging sexual harassment in violation of Title VII and intentional infliction of emotional distress under Illinois tort law. In her complaint she claims to have been sexually harassed



by co-workers, including defendant Thomas Phillips ("Phillips") who was employed in a supervisory position by the District. Bruce also alleges that after the District conducted an investigation, the harassment continued and that she was denied a promotion, and overtime as retaliation for complaining to the District. Defendant South Stickney Sanitary District now moves to strike the portion of Bruce's complaint that requests punitive damages pursuant to Fed. R. Civ. Proc. 12(b)(6) and also to dismiss the pendant state tort claim for intentional infliction of emotional distress for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Bruce failed to file an answer in response to the District's motion that is now before the Court.

The following facts are taken from Bruce's complaint, the allegations of which must be assumed are true for purposes of this motion. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The District employed both Bruce and Phillips in December of 1999. Phillips held a supervisory position, Bruce a subordinate position. In December of 1999 Phillips and other co-workers allegedly began harassing Bruce, making sexual comments in her presence, improperly touching her and otherwise acting inappropriately. Specifically. Phillips used his supervisory position to pressure Bruce to kiss him. Also, some co-workers

purportedly hid in the bathroom while Bruce used it. Bruce claims to have been forced to submit to the harassment as a condition of her employment. As a result of the harassment, Bruce believes she suffered humiliation, emotional distress and isolation from the other workers.

Bruce notified the District of the harassment and the District investigated the allegations. However, Bruce claims that the District chose to interview only Bruce and Phillips and shortly after the investigation Phillips was promoted from crew chief to supervisor. Also subsequent to the investigation the harassment allegedly continued. Bruce believes that as retaliation for her complaints to the District, she was denied a promotion and overtime and was generally treated differently than the other workers. She filed a charge of discrimination with the Equal Employment Opportunity Commission in a timely fashion, obtained a Notice of Right to Sue with respect to the charge of discrimination and proceeded to file a complaint with this Court within 90 days.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. In ruling on a motion to dismiss, the Court must construe the complaint's

allegations in the light most favorable to the plaintiff and accept as true all well-pleaded facts and allegations. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. See Lucien v. Preiner, 967 F.2d 1116, 1168 (7th Cir. 1992). In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must limit itself to the allegations contained in the pleadings themselves.

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the Court may look beyond the complaint and

view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996) (citing Bowyer v. United States Dep't of Air Force, 874 F.2d 632, 635(7th Cir. 1989)). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942). It is with these principles in mind that we address the motion before us.

## DISCUSSION

The District asks the Court to strike the punitive damages claim because punitive damages are not recoverable against a unit of local government in a Title VII action. It also seeks the dismissal of the pendant state claim for intentional infliction of emotional distress because it believes the claim is preempted by the Illinois Human Rights Act and the Illinois Workers' Compensation Act.

I. Punitive Damages

A plaintiff is entitled to seek punitive damages under Title VII of the Civil Rights Act. 42 U.S.C. § 1981a(b)(1). However, under the Act a plaintiff can only recover punitive damages against "a respondent (other than a government, government agency, or political subdivision) . . . ." Id. Municipal corporations qualify as "political subdivisions" of local government and are therefore immune to punitive damages under Title VII. See Baker v. Runyon, 114 F.3d 668, 669 (7th Cir. 1997) (indicating that the Act exempts governmental entities from punitive damages under Title VII); Kelm v. Arlington Heights Park Dist., No. 98 C 4786, 1999 WL 753930, *9 (N.D. Ill. Sep. 15, 1999) (holding same); see also Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, No. 94 C 3559, 1998 WL 513087, *3 (N.D. Ill. Aug. 13, 1998) (granting motion to strike evidence relating to punitive damages because defendant was a governmental agency); Crump v. Chicago Housing Authority, No. 97 C 2135, 1998 WL 164869, *5 (N.D. Ill. Apr. 2, 1998) (dismissing punitive damages against a municipal corporation). Bruce has not claimed that the District waived its immunity. Nor has Bruce indicated that the District is anything other than a municipal corporation. Accordingly, the District's motion is granted.

II. Intentional Infliction of Emotional Distress

The Illinois Human Rights Act ("IHRA") states that "[e]xcept as otherwise provided by law, no Court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C). The Act lists sexual harassment as a civil rights violation. 775 ILCS 5/2-102(D). State tort law claims are preempted by the IHRA where the facts of the case are "inextricably linked" to civil rights violations listed in the IHRA. Geise v. Phoenix Co. of Chicago, Inc., 639 N.E.2d 1273, 1276-78 (Ill. 1994). In Geise, the plaintiff alleged that her employer negligently hired and retained a manager who sexually harassed the plaintiff. See id. at 1273. The Illinois Supreme Court held that the claims alleging negligent hiring and negligent retention of the purported harasser were "inextricably linked" with the claim alleging sexual harassment. Id.

Because the Illinois Appellate Court later construed Geise overly broadly, the Illinois Supreme Court revisited Geise's holding in Maksimovic v. Tsogalis, 687 N.E.2d 21, 22-24 (Ill. 1997). In Maksimovic, the Court held that a state tort claim is not inextricably liked to IHRA if the plaintiff sufficiently pleads the elements of the tort claim without relying on the legal

duties that arise under the civil rights of the IHRA. See id. Plaintiff Maksimovic alleged sexual harassment as well as claims of assault, battery, and false imprisonment against her former manager. See id. at 24. In the assault count, Maksimovic alleged numerous threats by the manager as well as demands for her to perform oral sex, comments about her breasts and accusations of being too friendly with customers. See id. at 22. In the battery count, Maksimovic claimed that the manager placed his hand under her skirt and grabbed her legs and buttocks while trying to kiss her. See id. In the false imprisonment count, Maksimovic asserted that the manager confined her in a walk-in cooler as he made sexual advances toward her. See id.

Before turning to Maksimovic's particular claims, the Illinois Supreme Court clarified the existing standard under Geise. In Geise, the Court observed, the plaintiff had no legally cognizable claim against her employer but for IHRA's proscription against sexual harassment. See id. at 23. That is, the allegations of negligence were premised on the allegation that the employer hired and retained a manager who sexually harassed his employees. See id. Because the IHRA furnished the legal duty that the defendant allegedly breached, the tort claims were inextricably tied to the

civil rights claim. See id. Unlike plaintiff Geise, however, plaintiff Maksimovic asserted "long-recognized tort actions which exist wholly separate and apart from a cause of action for sexual harassment. . . ." Id. at 23. Thus, to the extent that Maksimovic alleged elements of each tort without reference to legal duties created by the IHRA, she stated claims that were not inextricably linked to the sexual harassment claim. See id.

In the case at bar, the District relies exclusively on Geise and Hetreed v. Allstate Ins. Co., No. 96 C 2021, 1996 WL 568784 (N.D. Ill. Oct. 3, 1996), both of which preceded Maksimovic. The District cites neither Maksimovic nor any of its progeny. Our independent survey of the current case law indicates that claims for intentional infliction of emotional distress are generally not preempted by the IHRA where there is an underlying sexual harassment claim. Siljak v. Ravenswood Disposal Service, Inc., No. 00 C 3405, 2001 WL 436133, *3 (N.D. Ill. Apr. 26, 2001) ; Figueroa v. City of Chicago, No. 97 C 8861, 2000 WL 283080, *12 (N.D. Ill. Mar. 3, 2000); Robinson v. Roney Oatman, Inc., No. 97 C 8964, 1999 WL 1102694, *12-13 (N.D. Ill. Nov. 23, 1999); Rapier v. Ford Motor Co., 49 F. Supp. 2d 1078, 1079-80 (N.D. Ill. 1999); Fondrliak v. Commonwealth Edison, No. 98 C 5985, 1999 WL 51804, *3-4 (N.D. Ill. Jan. 29, 1999); Conway v. Cook

County, No. 98 C 5324, 1999 WL 14497, *8-9 (N.D. Ill. Jan. 8, 1999); Warnell v. Ford Motor Co., No. 98 C 1503, 1998 WL 748328, *2 (N.D. Ill. Oct. 21, 1998); Hartranft v. Joliet Tp. School Dist. 204, No. 96 C 5931, 1998 WL 164876 (N.D. Ill. Apr. 3, 1998). The tort of intentional infliction of emotional distress, like the torts of assault and battery and false imprisonment alleged in Maksimovic, is a "'long recognized tort action[] which exist[s] wholly separate and apart from a cause of action' under the IHRA." Warnell, 1998 WL 748328 at *2 (quoting Maksimovic, 687 N.E. 2d at 23).

In Rapier v. Ford Motor Co., the plaintiffs asserted claims for sexual harassment and for intentional infliction of emotional distress. See 49 F. Supp. 2d 1078, 1079-80 (N.D. Ill. 1999). The plaintiffs were allegedly subjected to unwanted touching in the workplace including one incident where a plaintiff had a pail of urine poured on her. See id. The Court found that even absent the allegations of sexual harassment, the plaintiffs had asserted allegations that could be considered extreme and outrageous and thus support a claim for the intentional infliction of emotional distress. See id. Accordingly, the claim of intentional infliction of emotional distress

was not "inextricably intertwined" with the claim of sexual harassment, and the Court properly had jurisdiction over it. See id.

We find the reasoning in Rapier persuasive in the case at bar. Bruce was allegedly subjected to unwanted touching as were the plaintiffs in Rapier. Furthermore, that Bruce discovered co-workers hiding in the women's bathroom while she used it could be deemed extreme and outrageous conduct. At this preliminary stage, these allegations can support a claim of intentional infliction of emotional distress without relying on civil rights law. It is premature for us to opine whether the evidence marshaled during discovery will support the tort claims independently of the civil rights claims. Thus, we conclude at this stage that the claim of intentional infliction of emotional distress is not preempted.

In the alternative, the District alleges that the claim for intentional infliction of emotional distress is preempted by the Illinois Workers' Compensation Act ("IWCA"). 820 ILCS 305/1, *et seq*. The IWCA can preempt state tort claims. Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 104 F.3d 1004, 1016-17 (7th Cir. 1997); Robinson v. Roney Oatman, Inc., 1999 WL 98338, at *9. An injury resulting from sexual harassment in the workplace is an "injury arising out

of employment" and thus falls within the exclusive domain of the IWCA. See Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 323-24 (7th Cir. 1992). Under the IWCA an employee cannot recover damages from his or her employer for accidental injuries "arising out of and in the course of . . . employment . . . ." 820 ILCS 305/11. However, the employee can recover from the employer by showing that the injury was not accidental. Hunt-Golliday, 104 F.3d at 1016; Juarez, 957 F.2d at 323. In order for the injury not to be "accidental" under the IWCA the employer must have expressly authorized or ordered the person to commit the injurious act. Hunt-Golliday, 104 F.3d at 1017.

In Hunt-Golliday the Seventh Circuit held that the plaintiff's tort action was preempted by the IWCA but noted that the plaintiff employee had not introduced evidence showing that the injurious acts were foreseeable or expected by the employer. See id.; see also Juarez, 957 F.2d at 320 (indicating that the evidence did not support a finding that the employer had notice of the sexual harassment); Fondriliak v. Commonwealth Edison, 1999 WL 51804 at *5 (indicating dismissal was premature because the facts indicated that the employer was possibly aware of the hostile work environment). In the instant case, Bruce alleges that the District received

notice of her harassment and that the harassment continued unchecked after the investigation. It is premature at this stage to dismiss Bruce's claim for intentional infliction of emotional distress on the basis of preemption by the IWCA.

## CONCLUSION

For the reasons set forth above, the District's motion to strike the portion of the plaintiff's complaint seeking punitive damages is granted and the motion to dismiss the claim for intentional infliction for emotional distress for lack of subject matter jurisdiction is denied.

Charles P. Kocoras
United States District Judge

Dated: July 11, 2001