Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3578 | **DATE** | 8/23/2001 |
| **CASE TITLE** | Bruce vs. South Stickney Sanitary Dist et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/19/2001 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant Phillips' motion (Doc 8-1) to dismiss. Defendant Thomas Phillips is dismissed. All discovery to be completed by December 19, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 4 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CM | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG 23 PM 1:11 | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
AUG 2 4 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARGARET R. BRUCE,            )
                              )
        Plaintiff,            )
                              )
    vs.                       )        01 C 3578
                              )
SOUTH STICKNEY SANITARY       )
DISTRICT, a municipal corporation, )
and THOMAS PHILLIPS, employed as )
a supervisor in the defendant corporation, )
                              )
        Defendants.           )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on defendant Thomas Phillips' ("Phillips") motion to dismiss plaintiff's complaint with prejudice. For the reasons set forth the motion is granted.

## BACKGROUND

Plaintiff Margaret R. Bruce ("Bruce") filed a complaint against Phillips and co-defendant South Stickney Sanitary District ("District") that included a Title VII sexual harassment claim and a state tort claim for intentional infliction of emotional distress. Phillips was employed by the District in a supervisory position and Bruce was employed in a subordinate position. Bruce alleges that during her employment she was subjected to verbal comments of a sexual nature and unwanted and improper physical touching by Phillips. Specifically Bruce

1

alleges that Phillips used his supervisory status to pressure her to kiss him. Also, Bruce alleges that "in direct retaliation for her refusal to submit to Thomas Phillips demands for sexual favors" she was treated differently than other workers, denied overtime, and denied a promotion.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993); Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Despite the liberal pleading requirements, the plaintiff must provide more than "bald assertions" and include within his complaint the basic facts necessary to illustrate each element of his cause of action. See Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. In re Chicago, Rock Island & Pacific R. Co.,

2

794 F.2d 1182, 1188 (7th Cir. 1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with "competent proof" of jurisdictional facts. Thomson v. Gaskill, 315 U.S. 442, 446 (1942). It is with these principles in mind that we address the motion before us. It should also be noted that Bruce failed to file an answer in response to Phillip's motion that is now before the court.

## DISCUSSION

Phillips asks the court to dismiss the Title VII claim against him in his individual capacity and the Title VII claim against him in his official capacity. Phillips also asks the court to dismiss the plaintiff's cause of action for intentional infliction of emotional distress ("IIED") based on lack of subject matter jurisdiction.

### I. Title VII Claim

For the purposes of Title VII, a supervisor in his or her individual capacity is not an "employer." Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995); Willett v. Dept. of Children and Family Services, 1998 WL 867406, at *2 (N.D. Ill. 1998). Therefore, a supervisor cannot be held liable under Title VII in his or her individual capacity. Id. It was on this basis that the court dismissed the Title VII claim against Phillips in his individual capacity.

Generally, a party cannot be sued under Title VII unless the party was previously named in the E.E.O.C. complaint. Eggleston v. Chicago Journeymen

3

Plumbers' Local Union No. 130, U.A., 657 F.2d 890, 905 (7th Cir. 1981); Luttrell v. O'Connor Chevrolet, Inc., 2001 WL 699896, *1 (N.D. Ill. 2001). There is an exception where the unnamed defendant was given sufficient notice of the complaint against him or her and was given the chance to "participate in conciliation proceedings aimed at voluntary compliance." Eggleston, 657 F.2d at 905; see also Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989); Luttrell, 2001 WL 699896, at *1; Standefer v. River Oaks Toyota, Inc., 2000 WL 1230490, *2 (N.D. Ill. 2000). A defendant is given sufficient notice of a claim against him or her if the defendant is mentioned or "alluded to" in the E.E.O.C. complaint facts. Eggleston, 657 F.2d at 906; Standefer, 2000 WL 1230490, at *2. In this case Phillips was not named in the E.E.O.C. complaint. Neither was he mentioned or alluded to in the factual portion of the E.E.O.C. complaint.

A suit against individuals in their official capacity working for a local government unit is essentially a suit against the local government unit. Munoz v. Chicago School Reform Bd. of Bd. of Trustees, 2000 WL 152138, *8 (N.D. Ill. 2000) (citing Jungels v. Pierce, 825 F.2d 1127, 1129 (7th Cir. 1987)). Bruce asserted a Title VII claim against the District, which qualifies as a local government unit, and thus even if Phillips had been named or alluded to in the E.E.O.C. complaint the claim against him in his official capacity would nevertheless have been "redundant." Id. Therefore the Title VII claim against Phillips in his official capacity is dismissed with prejudice.

## II. Intentional Infliction of Emotional Distress Claim

Phillips alleges that the Court lacks subject matter jurisdiction over the claim for intentional infliction of emotional distress on the basis that it is preempted by the Illinois Human Rights Act. The Illinois Human Rights Act ("IHRA") states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C) (2001). The Act lists sexual harassment as a civil rights violation. 775 ILCS 5/2-102(D) (2001). State tort law claims are preempted by the IHRA where the facts of the case are "inextricably linked" to civil rights violations listed under the IHRA. Geise v. Phoenix Co. of Chicago, Inc., 639 N.E.2d 1273, 1276-78 (Ill. 1994). In Geise the Illinois Supreme Court held that the counts alleging negligent hiring and negligent retention of an employee who engaged in sexual harassment were "inextricably linked" with the count alleging sexual harassment. Id. Geise appeared to foreclose any possibility of avoiding the preemption by the IHRA where tort claims were connected to claims of sexual harassment. Hartranft v. Joliet Tp. School Dist. 204, 1998 WL 164876, *3-*4 (N.D. Ill. 1998).

However, in Maksimovic v. Tsogalis, the Supreme Court clarified the meaning of "inextricably linked" by indicating that a state tort claim is not inextricably linked to IHRA civil rights violations if the plaintiff sufficiently pleads the elements of the tort claim without relying on the legal duties that arise under the civil rights of the IHRA. 687 N.E.2d 21, 22-24 (Ill. 1997). In Maksimovic the plaintiff employee alleged sexual harassment and also asserted

claims of assault, battery, and false imprisonment. Id. at 24. The court held that the claims were based on duties and facts independent of the sexual harassment claim and therefore were not "inextricably linked." Id. Looking at the case law after Maksimovic it is clear that the trend in the Northern District is generally not to find IIED claims to be preempted by the IHRA where there is an underlying sexual harassment claim. Siljak v. Ravenswood Disposal Service, Inc., 2001 WL 436133, *3 (N.D. Ill. 2001); Figueroa v. City of Chicago, 2000 WL 283080, *12 (N.D. Ill. 2000); Robinson v. Roney Oatman, Inc., 1999 WL 1102694, *12-13 (N.D. Ill. 1999); Rapier v. Ford Motor Co., 49 F.Supp.2d 1078, 1079-80 (N.D. Ill. 1999); Fondrliak v. Commonwealth Edison, 1999 WL 51804, *3-4 (N.D. Ill. 1999); Conway v. Cook County, 1999 WL 14497, *8-9 (N.D. Ill. 1999); Warnell v. Ford Motor Co., 1998 WL 748328, *2 (N.D. Ill. 1998); Hartranft v. Joliet Tp. School Dist. 204, 1998 WL 164876, *3-*4 (N.D. Ill. 1998). The tort of intentional infliction of emotional distress, like the torts of assault and battery and false imprisonment alleged in Maksimovic, is a "'long recognized tort action[] which exist[s] wholly separate and apart from a cause of action' under the IHRA." Warnell, 1998 WL 748328, at *2 (quoting Maksimovic, 687 N.E. 2d at 23).

In order to state a cause of action for IIED the plaintiff must allege that: 1) the conduct of the defendant was extreme and outrageous, 2) the defendant intended the conduct to cause "severe emotional distress" or should have known that it would do so, and 3) the plaintiff suffered "severe emotional distress." Harriston v. Chicago Tribune Co., 992 F.2d 697, 702 (7th Cir. 1993) (citing

6

McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988)); Munoz v. Chicago School Reform Bd. of Bd. of Trustees, 2000 WL 152138, *9 (N.D. Ill. 2000). Extreme and outrageous conduct does not include "mere insults, indignities . . . [and] petty oppressions . . . ." McGrath, 533 N.E.2d at 809; Honaker v. Smith, 256 F.3d 477, 490 (7th Cir. 2001). It must "go beyond all bounds of decency and be considered intolerable in a civilized community." Honaker, 256 F.3d at 490.

In determining whether conduct is extreme and outrageous one factor that is considered is the "power or authority" that the defendant held over the plaintiff. Id at 490-91; Lapacich v. Falk, 5 F.3d 210, 212 (7th Cir. 1993); Patterson v. Xerox Corp., 901 F.Supp. 274, 279 (N.D. Ill. 1995); McGrath, 533 N.E.2d at 809; Milton v. Illinois Bell Tel. Co., 427 N.E.2d 829, 832 (Ill. 1981); Pavilon v. Kaferly, 561 N.E.2d 1245, 1251 (Ill. App. Ct. 1990). The greater the power over the plaintiff, the greater the likelihood that the conduct was extreme and outrageous. Id. In light of the authority factor the courts have found extreme and outrageous conduct in workplace situations where an employee was subjected to an abuse of authority "in a manner far more severe that the typical disagreements or job-related stress caused by the average work environment." Id.; See also Patterson, 901 F.Supp. at 279; Pavilon, 561 N.E.2d at 1251; McGrath, 533 N.E.2d at 809; Milton, 427 N.E.2d at 832.

In this case the complaint alleges that Phillips pressured Bruce to kiss her. The complaint also indicates that Phillips had supervisory authority over Bruce in the workplace and control at least in part over Bruce's overtime and promotion. Bruce also alleges that there was an implicit threat on Phillip's

7

behalf that he would exercise his power to her detriment if she refused to comply with his advances. The facts contained in the complaint surrounding the kiss, while distasteful, do not indicate the kind of behavior that go beyond all bounds of decency. Neither does the implicit threat that she alleges indicate an abuse of authority of the kind that will support an IIED claim. Therefore, even taking all of the facts in Bruce's as true, the allegations of the complaint do not establish even the first element of the IIED claim: that Phillips' conduct was extreme and outrageous. Without a viable IIED claim, Bruce's only conceivable claim against Phillips is premised on sexual harassment. As stated above, we are without subject matter jurisdiction under the IHRA to consider such a claim and dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## CONCLUSION

For the foregoing reasons, we grant Phillips' motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated: _____August 23, 2001_____